UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BAHAA E. ISWED,

                Plaintiff,                        Case No. 1:08-cv-1118

v.                                            Honorable Paul L. Maloney

PATRICIA CARUSO et al.,

                Defendants.

_____/

## OPINION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

        On January 29, 2009, the Court conducted an initial review of the complaint pursuant to 28 U.S.C. §1915(e), §1915A and 42 U.S.C. § 1997e(c). Upon initial review, the Court dismissed all counts for failure to state a claim. Plaintiff appealed the dismissal. The Sixth Circuit affirmed the dismissal of all claims except Plaintiff's freedom-of-association claim under the First

Amendment (docket #14).  The Sixth Circuit remanded the case to this Court for further proceedings

consistent with its order, and mandate now has issued (docket #15).

Upon remand, the Court will dismiss for failure to state a claim Plaintiff's remaining

First Amendment claim against Defendants Myles, Ray, Booker, Armstrong and Embarq Payphone

Services, Inc.  The Court will serve Plaintiff's First Amendment claim against Defendants Caruso,

Berghuis, Wade and Riley.

### Discussion

I.      Factual allegations

Plaintiff Bahaa E. Iswed presently is incarcerated with the Michigan Department of

Corrections (MDOC) and housed at the Ionia Maximum Correctional Facility, though the events in

issue occurred while he was housed at the Earnest C. Brooks Correctional Facility (LRF) and the

Ryan Correctional Facility (RRF).  He sues the following individuals in their official and personal

capacities: MDOC Director Patricia Caruso, MDOC Step III Grievance Coordinator James

Armstrong, RRF Warden Raymond Booker, RRF Deputy Warden William Ray, RRF Inspector

Wright Wade, RRF Grievance Coordinator Marva Myles, LRF Warden Mary Berghuis,  LRF

Lieutenant G. Riley, and Embarq Payphone Services, Inc.

Plaintiff is imprisoned on a life sentence, which was imposed on October 2, 1998.

Plaintiff alleges that, since his incarceration, he has been denied the right to make telephone calls

to his immediate family members, all of whom reside in Jordan and Romania.  According to the

complaint, the telephone numbers of Plaintiff's family members have been placed on his approved

list of authorized numbers.  Plaintiff does not attempt to call his family members by way of collect

calls, but instead has purchased a pre-paid telephone debit card. Nevertheless, Plaintiff's calls cannot be connected to his overseas telephone numbers.

As a result of the Sixth Circuit's October 26, 2009 order, Plaintiff's sole remaining claim is that the MDOC telephone policy, either as written or as applied to him, denies him his right to freedom of association under the First Amendment. Plaintiff alleges that he has suffered anxiety, emotional distress and panic attacks because he has not been permitted to have telephone conversations with his immediate family. In his requests for relief, he seeks monetary damages and injunctive relief.

## II.  Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the

court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      Defendants Myles, Ray, Armstrong and Booker

Plaintiff fails to make specific factual allegations against Defendants Myles, Ray, Armstrong and Booker, other than his claim that they failed to properly resolve or investigate his grievances about the telephone policy. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295,

300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Myles, Ray, Armstrong and Booker engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

### B.     Defendant Embarq Payphone Services, Inc.

Plaintiff alleges that Embarq Payphone Services, Inc. (Embarq) violated his First Amendment rights by failing to provide international telephone services to the prison. As previously discussed, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West*, 487 U.S. at 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street*, 102 F.3d at 814. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff has not set forth any allegations supporting a conclusion that Defendant Embarq's conduct amounts to state action. The fact that Embarq may contract with the state for delivery of telephone services does not render it a "state actor" for purposes of § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) (nonprofit, privately operated school's receipt of public funds did not make its employee discharge decisions acts of state subject to suit under federal statute governing civil action for deprivation of rights); *McCarthy v. Middle Tenn. Elec. Membership Corp.*,

466 F.3d 399, 412 (6th Cir. 2006) (mere fact that cooperative had contracts with the state did not rise to the level of entwinement necessary to render it a state actor); *Adams v. Vandemark*, 855 F.2d 312, 315-16 (6th Cir. 1988) (fact that nonprofit corporation was funded almost entirely by public sources, and was subject to state regulation, without more, is insufficient to make private entity's decision to discharge employees attributable to state for purpose of § 1983 action). In addition, Plaintiff makes no allegations that Embarq had any role in establishing the MDOC's policy regarding telephone access or that it otherwise willfully participated in a joint activity. *See Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) (citing *Lugar*, 457 U.S. at 941; *Evans v. Newton*, 382 U.S. 296, 299 (1996)). Further, the fact that telephone companies are subject to substantial governmental regulation does not convert their actions into that of the state. *See Jackson*, 419 U.S. at 350; *McCarthy*, 466 F.3d at 411. Moreover, the provision of telephone services is not a traditional public function delegated by the state to Embarq. *See West*, 487 U.S. at 56.

In sum, Plaintiff fails to allege any basis for the court to conclude that Embarq's provision of telephone services to the prison are fairly attributable to the state. As a consequence, Embarq will be dismissed because it is not a state actor.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that the claims against Defendants Myles, Ray, Booker, Armstrong and Embarq Payphone Services, Inc. will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Caruso, Berghuis, Wade and Riley.

An Order consistent with this Opinion will be entered.


Dated:     November 24, 2009          /s/ Paul L. Maloney
                                      Paul L. Maloney
                                      Chief United States District Judge