UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

____

| BAHAA E. ISWED, # 272102, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 1:08-cv-1118 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| PATRICIA CARUSO, et al., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The defendants are the Director of the Michigan Department of Corrections Patricia Caruso and three State employees at the Earnest C. Brooks Correctional Facility (LRF): Warden Mary Berghuis, Inspector Wright Wade and Lieutenant G. Riley. On January 29, 2009, Chief Judge Paul Maloney dismissed plaintiff's complaint on initial screening for failure to state a claim upon which relief can be granted (docket #s 4, 5). On October 21, 2009, the United States Court of Appeals for the Sixth Circuit affirmed in part and reversed in part this court's judgment. (*Iswed v. Caruso*, No. 09-1245 (Order) (6th Cir. Oct. 21, 2009)). The Court of Appeals affirmed dismissal of plaintiff's Eighth Amendment and Equal Protection claims but held that plaintiff's allegation that he was denied the right to make telephone calls using a pre-paid telephone debit card to his immediate family members, all of whom reside in Jordan or Romania, alleges a claim under the Free Association principle of the First Amendment. (10/21/09 Order, docket # 14).

The matter is before the court on defendants' hybrid motion to dismiss under Rule 12(b)(6) and alternatively, for summary judgment. (docket # 27). Plaintiff has filed a response (docket #s 32, 33, 37) and defendants' motion is ready for decision. For the reasons set forth herein, I recommend that defendants' motion be denied.

## Discussion

**1.      Rule 12(b)(6) Motion**

Defendants' Rule 12(b)(6) motion is a waste of time. The Sixth Circuit has already held that plaintiff's complaint alleges a First Amendment claim. This court lacks authority to disturb the appellate court's decision.

**2.      Motion for Summary Judgment**

In its order, the Court of Appeals observed that whether the challenged State policy violates the First Amendment will be determined by application of the familiar four-part *Turner* test:

> A prisoner's right to telephone access, however, is "subject to rational limitations in the face of legitimate security interests of the penal institution." [*Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994)] (internal citation omitted). "The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, subject to court scrutiny for unreasonable restrictions." *Id.* (internal citations omitted).
>
> The Supreme Court has laid out four factors relevant to deciding whether a prison regulation affecting a constitutional right withstands constitutional challenge: "whether the regulation has a 'valid, rational connection' to a legitimate governmental interest; whether alternative means are open to inmates to exercise the asserted right; what impact an accommodation of the right would have on guards and inmates and prison resources; and whether there are 'ready alternatives' to the regulation." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003) (quoting *Turner v. Safely*, 482 U.S. 78, 89-90 (1987)).
>
> The allegations raised in Iswed's complaint meet the requirements of Fed. R. Civ. P. 8(a)(2). Although it is Iswed's ultimate burden to disprove the validity of the regulation at issue, *Figel v. Overton*, 121 F. App'x 642, 646 n.2 (6th Cir. 2005), the district court erred by

finding that Iswed was required to raise this in his complaint. The defendants must still articulate their interest in the regulation, "[O]therwise, [Iswed] would be forced to hypothesize any number of potential legitimate penological interests and then disprove a reasonable relationship between each and the regulation at issue." *Id.* (citing *Overton*, 539 U.S. at 132-33, and *Turner*, 482 U.S. at 89); *accord Johnson v. Johnson*, 385 F.3d 503,530 (5th Cir. 2004).

Here, the defendants were not served with Iswed's complaint and have not yet had an opportunity to express their basis for refusing to allow Iswed to make telephone calls to Jordan and Romania. *See Turner*, 482 U.S. at 89 ("there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it." (emphasis added)).

(10/21/09 Order at 3-4, Page ID 94-95).

Defendants argue that they are entitled to summary judgment because the challenged prison regulation is rationally related to legitimate penological interests:

Defendants have legitimate reasons for limiting telephone access to countries inside the calling area. Extra expenses may be incurred from expanding the calling area. Also, it may be more difficult to monitor phone conversations in multiple languages if a calling area is expanded. It is important that MDOC and its agents are able to keep their prison secure without incurring additional unneeded expenses, therefore, curtailing the calling area for prisoners is rationally related to a legitimate penological interest, and the policy should withstand a constitutional challenge.

(Def. Brief at 5, docket # 28).[1]

It is patent that the court could not possibly grant defendants' motion for summary judgment without committing reversible error. It is well established that statements appearing in a party's brief are not evidence. *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006). The court cannot consider the exhibits defendants filed in support of their motion, because the exhibits are unauthenticated. *See* FED. R. CIV. P. 56(e); *Moore v. Holbrook*, 2 F.3d 697, 698-99 (6th Cir. 1993);

---

[1] Defendants do not attempt to explain how the incurring of "extra expenses" provides a rational basis for denying plaintiff access to long-distance calls, when he has offered to use a pre-paid card covering all expenses.

*see also David A. Flynn, Inc. v. General Motors Acceptance Corp.*, 345 F. App'x 974, 978-79 (6th Cir. 2009) ("This court has repeatedly emphasized that unauthenticated documents do not meet the requirements of Rule 56(e)."). Even assuming *arguendo* that the exhibits had been authenticated, they would not provide evidence supporting the above-quoted justification. None of the exhibits identify the legitimate penological interest served by the challenged regulation or supply evidence that the regulation has a valid, rational connection to the legitimate governmental interest, that alternative means are open to plaintiff to exercise the asserted right, the impact an accommodation of the right would have on guards and inmates and prison resources, and whether there are ready alternatives to the regulation. *See Overton v. Bazzetta*, 539 U.S. at 132.

Defendants are not entitled to summary judgment on this record, which is devoid of admissible evidence addressing the *Turner* standards.

**Recommended Disposition**

For the reasons set forth herein, I recommend that defendants' motion to dismiss or for summary judgment (docket # 27) be denied and that defendants be ordered to answer the complaint.

Dated: July 26, 2010          /s/ Joseph G. Scoville
                              United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129

S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).