UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BAHAA E. ISWED #272102,

    Plaintiff,

v.

PATRICIA CARUSO, Director of MDOC,
MARY BERGHUIS, Warden,
WRIGHT WADE, Inspector, and
LIEUTENANT G. RILEY,

    Defendants,

_____

Case No. 1:08-cv-1118

HONORABLE PAUL L. MALONEY

Magistrate Judge Scoville

## OPINION and ORDER

**Adopting the R&R without Objection;
Denying the Defendants' Motion to Dismiss and/or for Summary Judgment;
Directing the Defendants to Answer the Complaint as to the Free Association Claim**

Pursuant to 28 U.S.C. § 636 and W.D. MICH. LCIVR 72.2(b), this matter was automatically referred to United States Magistrate Judge Joseph G. Scoville, who issued a Report and Recommendation ("R&R") on Monday, July 26, 2010. A party has fourteen days to file objections after being served with an R&R, instead of the former ten days, *see Esch v. SSA*, 2010 WL 432265, *1 n .1 (W.D. Mich. Jan. 25, 2010) (Maloney, C.J.) (citing PUB. L. NO. 111-16 § 6(1), 123 Stat. 1608, and FED. R. CIV. P. 6(a)(1)(A)). Service of an electronically filed document on a registered attorney is deemed complete upon the transmission of an NEF [Notice of Electronic Filing] to that attorney. Accordingly, the court finds that defense counsel was served with the R&R on the same date that it was issued and electronically filed by the Magistrate Judge: Monday, July 26, 2010. *See Swift v. SSA*,

2009 WL 198526 (W.D. Mich. Jan. 27, 2009) (applying W.D. MICH. LCIvR 5.7(d)(i)(ii), Service of Electronically Filed Documents - Service on Registered Attorneys).

In computing any period of time specified by the Federal Rules of Civil Procedure, a statute, a court order, or our local rules, the court excludes the day of the act or event from which the period begins to run. *Southall v. City of Grand Rapids*, 2008 WL 4739163, *1 (W.D. Mich. Oct. 29, 2008) (Maloney, C.J.) (citing FED. R. CIV. P. 6(a)). Thus, the fourteen-day objection period began on Tuesday, July 27, 2010, the day *after* defense counsel was electronically served with the R&R. The deadline for the defense to e-file objections was midnight on Monday, August 9, 2010. That deadline has passed, and the court need not wait further for an objection from the defense.

> As the United States Supreme Court held in *Peretz v. US*, 501 U.S. 923 (1991),
>
> The statutory provision we upheld in *Raddatz* [447 U.S. 667 (1980)] provided for *de novo* review only when a party objected to the magistrate's findings or recommendations. *See* 28 U.S.C. § 636(b)(1). To the extent *de novo* review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties.

*Id.* at 939 (citation and internal quotation marks omitted). *See, e.g., Johnson v. SSA*, 2007 WL 2292440, *1 (N.D. Ohio 2007) ("The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report to which an objection has been made.").

Furthermore, the failure to file timely *specific* objections obviates not only *de novo* district-judge review of the R&R, but *all* district-judge review. *Nottingham v. SSA*, 2009 WL 230131, *2 (W.D. Mich. Jan. 29, 2009) (Maloney, C.J.). Again in the words of the Supreme Court,

> In 1976, Congress amended § 101 of the Federal Magistrates Act, 28 U.S.C. § 636, to provide that a United States district judge may refer dispositive pretrial motions, and petitions for writs of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions. The amendments also provide that any party that disagrees with the magistrate's recommendations "may serve and file written

2

objections" to the magistrate's report, and thus obtain *de novo* review by the district judge.

\* \* \*

Petitioner first argues that a failure to object waives only *de novo* review, and that the district judge must still review the magistrate's report [regarding the case-dispositive matters listed in § 636(b)(1)(A)] under some lesser standard. However, § 636(b)(1)(c) simply does not provide for such review. This omission does not seem to be inadvertent, because Congress provided for a "clearly erroneous or contrary to law" standard of review of a magistrate's disposition of certain pretrial matters in § 636(b)(1)(A) [essentially, non-dispositive motions]. Nor does petitioner point to anything in the legislative history of the 1976 amendments mandating review under some lesser standard. *We are therefore not persuaded that the statute requires some lesser review by the district court when no objections are filed.*

*Thomas v. Arn*, 470 U.S. 140, 141-42, 149-50 (1985) (emphasis added, legislation citation omitted).

Indeed, at least one learned Sixth Circuit panel has held that undertaking *de novo* review of an R&R in the absence of proper objection is not only unnecessary but also *inappropriate*. *See Curry v. City of Mansfield, Ohio / Wastewater Treatment Plant*, 201 F.3d 440, 1999 WL 1206227, *1 (6th Cir. Dec. 8, 1999) (p.c.) (Ryan, Suhrheinrich, Chief D.J. Bell) (faced with unavailing general objections, "[t]he district court's *sua sponte de novo* review duplicated the work of the Magistrate, contravening the purposes of the Magistrate's Act . . . . To permit an appeal would violate this court's clearly established waiver rule and would further frustrate the purpose of the Federal Magistrate's Act."), *cited by Marr v. Foy*, – F. Supp.2d –, 2010 WL 489535 (W.D. Mich. Feb. 2, 2010) (Maloney, C.J.).[1]

---

[1] As the Supreme Court has said,

"It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo *or any other standard*, when neither party objects to those findings." *Thomas*, 474 U.S. at 150. *See also Tangwall v. Robb*, 2003 WL 23142190, *1 (E.D. Mich. 2003) (Lawson, J.) (after untimely objections, court stated, "the failure to object to the magistrate judge's report releases the Court from its duty to independently review the motion."); *Coots v. Astrue*, 2009 WL 1326260 (E.D. Ky. May 12, 2009) (Van Tatenhove, J.) ("When no objections are made, this court is not required to review a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard . . . .").

3

**In any event, the court finds Magistrate Judge Scoville's R&R to be well-reasoned as usual, and correct.** For the reasons explained by the R&R, the court will deny the defendants' Rule 12(b)(6) motion to dismiss the First Amendment Free Association claim and their Rule 56 motion for summary judgment on that same claim.

First, the Magistrate correctly characterizes the motion to dismiss as "a waste of time", as our Court of Appeals specifically held that Iswed has stated a First Amendment free-association claim on which relief could be granted. *See Iswed v. Caruso et al.*, No. 09-1245, Order at 3-4 (6th Cir. Oct. 21, 2010) (per curiam by Clerk of Court) (Martin, Norris, Gilman) (not on WestLaw or in F. App'x). The law-of-the-case doctrine provides that "findings made at one point in the litigation become the law of the case for subsequent stages of the same litigation." *US .v Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) (citation omitted). "The complementary mandate rule 'requires lower courts to adhere to the commands of a superior court.'" *In re LWD, Inc.*, 2010 WL 2682415, *2 (W.D. Ky. July 2, 2010) (Thomas Russell, J.) (quoting *Moored*, 38 F.3d at 1421). Together, the law-of-the-case doctrine and the mandate rule generally preclude a lower court from reconsidering an issue expressly or impliedly decided by a superior court. *Id.* The lower court is "required to 'implement both the letter and the spirit' of the appellate court's mandate, 'taking into account the appellate court's opinion and the circumstances it embraces.'" *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006) (quoting *Brunet v. City of Columbus*, 58 F.3d 251, 254 (6th Cir. 1995)).

These two doctrines are not absolute, but this court may not depart from our Court of Appeals's

---

Accordingly, judges in our district consistently adopt R&Rs without additional analysis where the parties have not timely and specifically objected. *See, e.g.,*

*Stevenson v. Pramsteller*, 2009 WL 1883878 (W.D. Mich. June 30, 2009)  (Bell, J.)
*Banks v. Davis*, 2009 WL 1874093 (W.D. Mich. June 26, 2009)          (Quist, J.)

resolution of an issue unless substantially different evidence is raised in a subsequent trial, the Supreme Court or a published Sixth Circuit decision has since stated a contrary view of the law, or where the Court of Appeals' decision was clearly erroneous and would work a manifest injustice. *See McKenzie v. BellSouth Comms., Inc.*, 219 F.3d 508, 513 n.3 (6th Cir. 2000) (citing *Hanover Ins. Co. v. American Eng'g Co.*, 105 F.3d 306, 312 (6th Cir. 1997)). Here the defendants have not presented new and substantially different evidence relevant to whether Iswed has stated a First Amendment freedom-of-association claim on which relief could be granted, nor have they identified any intervening change in Sixth Circuit law. Nor does the court find this to be the "exceptional" case, *see Westside Mothers*, 454 F.3d at 538, where it might be appropriate, without an intervening change in precedent or substantially different new evidence, to opine that the Court of Appeals erred.

**As for the defendants' motion for summary judgment,** the defendants contended that the MDOC policy prohibiting prisoners from telephoning foreign countries is rationally related to at least two legitimate penological interests, namely avoiding extra expense and ensuring that prisoners cannot avoid effective monitoring by speaking in foreign languages which the monitors cannot understand. In support of this contention, however, the defendants filed no admissible evidence, merely asserting the purported legitimate interests in their brief. As the Magistrate correctly notes, "it is well settled in our circuit that "'[a]ssertions by counsel do not constitute probative evidence.'" *JDC Mgmt., LLC v. Reich*, 644 F. Supp.2d 905, 929 with n. 19 (W.D. Mich. 2009) (quoting *In re Cohara*, 324 B.R. 24, 28 (6th Cir. BAP 2005) and citing, *inter alia*, *Johnson v. Bell*, 525 F.3d 466, 485 (6th Cir. 2008) (noting with approval a jury instruction that "[s]tatements, arguments, and remarks of counsel . . . are not evidence"), *cert. denied*, – U.S. –, 129 S.Ct. 1668, *reh'g denied*, – U.S. –, 129 S.Ct. 2427 (2009)); *see, e.g., DeJager Const., Inc. v. Schleininger*, 1996 WL 73168, *8 (W.D. Mich. Mar. 13, 1996) (Quist, J.) ("Statements of counsel, while binding as stipulations or concessions if made in open court or in

writing, are not 'evidence' . . . .  They are mere argument.").

The defendants did submit exhibits intended to support their assertion that the foreign-calling restriction is rationally related to legitimate penological interests.  Those exhibits are inadmissible, however, because they are not authenticated, e.g., by sworn affidavit or deposition testimony, *see City of Holmes v. City of Atlanta, Georgia*, 2010 WL 1328733, *2 (N.D. Ga. Mar. 30, 2010) (citing FED. R. CIV. P. 56(e)(1)).  As the Magistrate notes (R&R at 3-4), unauthenticated documents did not meet the requirements of FED. R. CIV. P. 56(e) and so may not be considered on summary judgment.  *See also Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009) (Batchelder, Cole, D.J. Lawson) (citing, *inter alia*, *Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 532 n.5 (6th Cir. 2002)).

## ORDER

Accordingly, the R&R **[document #42] is ADOPTED** without objection.

The defendants **shall answer** the complaint.

This is not a final and immediately-appealable order.

**IT IS SO ORDERED this 25th day of August 2010**.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge