UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BAHAA E. ISWED, # 272102,            )
                                     )
             Plaintiff,              )    Case No. 1:08-cv-1118
                                     )
v.                                   )    Honorable Paul L. Maloney
                                     )
PATRICIA CARUSO, et al.,             )    **REPORT AND RECOMMENDATION**
                                     )
             Defendants.             )
_____ )

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff alleges that a Michigan Department of Corrections (MDOC) policy is preventing him from making telephone calls to his immediate family members in Jordan or Romania in violation of his rights under the First Amendment's free association principle. The matter is before the court on plaintiff's motion for a preliminary injunction against the Director of the Michigan Department of Corrections compelling her to provide him "with access to a telephone twice a month to specifically call his family." (docket # 47). For the reasons set forth herein, I recommend that plaintiff's motion be denied.

**Discussion**

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his [] burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The four factors this court is to consider are well established, *see Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000),

and the United States Court of Appeals for the Sixth Circuit reviews decisions granting or denying motions for preliminary injunctions under an abuse of discretion standard. *See Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. Plaintiff has not shown a strong likelihood of success on the merits of his claims. A prisoner retains only those First Amendment freedoms which are "not inconsistent with his status as a prisoner or with legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Lawful incarceration legitimately requires the retraction or withdrawal of many rights and privileges as a necessary consequence of society's need to deter and punish crime. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). In the First Amendment context, "prisoners have no *per se* constitutional right to use a telephone." *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000); *Poux v. Drew*, No. 4:10-1684, 2010 WL 4281824, at * 2 n.2 (D.S.C. Sept 22, 2010). Rather, the federal courts have recognized a limited First Amendment right to communicate with family members outside the prison walls, and the telephone "is a *means* of exercising [that] right." *Valdez v. Rosenbaum*, 302 F.3d 1039, 1048 (9th Cir. 2002); *see Pope v. Hightower*, 101 F.3d 1382, 1385 (11th Cir. 1996); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (holding that "an inmate has no right to unlimited telephone use"); *see also Almahdi v. Ashcroft*, 310 F. App'x 519, 522 (3d Cir. 2009); *Boriboune v. Litscher*, 91 F. App'x 498, 499-500 (7th Cir. 2003); *Searcy v. United States*, 668 F. Supp. 2d 113, 122 (D.D.C. 2009) ("Telephone calls are but one way for an inmate to communicate with individuals outside of the prison."); *Antonelli v. Walters*, No. Civ. 07-219, 2009 WL 921103, at * 11 (E.D. Ky. March 31, 2009). The exact nature

of telephone services available to inmates is generally determined by prison administrators. *See Washington*, 35 F.3d at 1100.

Prison regulations that impinge upon an inmate's First Amendment rights are subject to analysis under the test of *Turner v. Safley*, 482 U.S. 78 (1987). Under this test, "the regulation is valid if it is reasonably related to legitimate penological interests." 482 U.S. at 89; *see Thornburgh v. Abbott*, 490 U.S. 401, 413-14 (1989). Plaintiff has the burden of demonstrating that the challenged MDOC policy is not rationally related to a legitimate public interest. *See Figel v. Overton*, 121 F. App'x 642, 646 n.2 (6th Cir. 2005). Prison security is not only a legitimate governmental interest, it is recognized as a compelling state interest. *See Hoevenaar v. Lazaroff*, 422 F.3d 366, 370 (6th Cir. 2005); *see also Singson v. Norris*, 553 F.3d 660, 662 (8th Cir. 2009). Defendants have presented significant evidence that the MDOC's policy serves the compelling state interest in prison security. (docket #s 53-2, 53-4, 53-12).

Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. Plaintiff has alternative means of communication. *See Pope*, 101 F.3d at 1385; *Abdoulaye v. Brown*, No. 1:07-cv-3071, 2010 WL 3768031, at * 5 (N.D. Ga. Sept. 17, 2010). Plaintiff has never disputed his ability to make telephone calls to his friends and various organizations within the United States. (docket # 1-3 at ID # 21). He is allowed to correspond by letter with his family. (Plf. Brief at 2, docket # 48). He states that more than a decade ago he wrote to family members in Jordan and Romania and received "no replies." (Plf. Declaration ¶ 2, docket # 49). Defendants are not guarantors that plaintiff's letter or letters will be received overseas, much less that he would receive return correspondence. Plaintiff's statement that he "learned that the Defendants, and their agents, are precluding him from receiving letters sent [by family members]" (*Id.* at ¶ 2) is so vague and

conclusory that it provides no factual support for his motion. There is no evidence of any recent or ongoing effort by plaintiff to engage in written correspondence with family members and no evidence that defendants have interfered with return correspondence.

The public interest would not be served by issuing a preliminary injunction and the issuance of a preliminary injunction would constitute unwarranted intrusion into the State's operation of its prisons.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction (docket # 47) be denied.

Dated: November 29, 2010       /s/ Joseph G. Scoville
                                United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).